# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| NNN 400 CAPITOL CENTER 16, LLC, | : | Bankruptcy Case No. 16-12728 (JTD) |
| | : | Bk. Adv. No. 18-50384 (JTD) |
| | : | BAP 21-00035 |
| Debtor. | : | |
| _____ | : | |
| RUBIN & RUBIN, P.A., | : | |
| Appellant, | : | |
| v. | : | C.A. No. 21-816-CFC |
| WELLS FARGO BANK, N.A., et al., | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **28th** day of **June, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties or groups of parties involved this Appeal are: Rubin & Rubin ("Rubin") (Appellant)[1]; Don A. Beskrone, the Chapter 7 Trustee; Wells Fargo Bank, N.A., as Trustee for the Registered Holders of COMM 2006-C8 Commercial Mortgage Pass-Through Certificates; and Berkadia Commercial Mortgage, LNR Partners, LLC, Little Rock-400 West Capitol Trust and Taconic Capital Advisors, L.P. (collectively the "Lender Appellees").

According to Appellant, on September 4, 2020, the Bankruptcy Court issued two orders. The first decision, referred to as the "Fee Order", ordered fee shifting sanctions again Rubin for failing to disclose the counsel/umbrella relationship between Rubin and Rubin Law Associates, P.A. The second decision ordered the disqualification of Rubin and the disgorgement of fees paid to Rubin, referred to as the "Disgorgement Order" These two orders are presently on appeal in this court.

Appellant believes that mediation would be beneficial, and contends that the amount of disgorgement and the amount of the fees to be paid to the Lender Appellees are amenable to mediation. Appellant also maintains resolution of the Fee and Disgorgement Orders could also resolve related appeals presently pending in this court, that is, C.A. Nos. 20-1260, 20-1261 through 20-1262 and 20-1266, which are assigned to the Honorable Colm F. Connolly. The Appellant further notes that some related issues may have been resolved among the Chapter 7 Trustee and the Lender

---

[1] The Order subject to the present Appeal was entered by the Honorable John T. Dorsey on May 26, 2021. In this order, Judge Dorsey describes Rubin & Rubin, P.A. as including "I. Mark Rubin, P.A., Rubin Law Associates, P.A., Guy Bennett Rubin, P.A., I. Mark Rubin, Guy Rubin, and any other law firm or individual operating under the Rubin & Rubin, P.A. trade name." See fn 1 of Judge Dorsey's Order at D.I. 4.

Appellees in C.A. Nos. 20-1080 through 20-1082, also assigned to Judge Connolly, based upon on a Joint Motion to Stay all Deadlines filed in these matters on June 11, 2021.[2]

This stay request provided that the briefing deadlines in the 2020 matters be delayed through September 13, 2021, but included another briefing schedule thereafter. Although this motion provides that the parties reached an agreement in principal which would result in dismissals of these earlier appeals, Appellant argues that any alleged "related issues" in the earlier filed appeals were resolved, which justifies mediation in the present Appeal. Even assuming there are related issues between the 2020 appeals and the present Appeal, the relevant overlap among these matters to warrant mediation has not been provided. Moreover, Rubin maintains it is unable to comply with the Bankruptcy Court order due to lack of funds.

The Chapter 7 Trustee does not agree with Appellant's assertion of the facts, and confirmed that, while the parties have not engaged in mediation or ADR, they have discussed the pending dispute. The Trustee does not believe that the issues on this Appeal are amenable to resolution by mediation or that mediation would be productive. If removed from mandatory mediation, the Trustee proposes the following briefing schedule:

| | |
|---|---|
| Appellant's Opening Brief | 30 days after entry of an order withdrawing this matter from mandatory mediation. |
| Appellees' Answering Briefs | 30 days after the filing of the Opening Brief. |

---

[2] Judge Connolly executed the proposed order as to the Joint Motion on June 14, 2021 in the 2020 appeals.

| | |
|---|---|
| Appellant's Reply Brief | 14 days after the filing of Appellees' Answering Briefs. |

The Lender Appellees contend this Appeal is not amenable to mediation because: the Bankruptcy Court finding of contempt is appropriate for Ruben's failure to comply with two separate, independent orders issued by the Bankruptcy Court; the appeal concerns Appellant's obligations to comply with such orders and disagrees that the parties may mediate the amount of sanctions imposed and/or fees disgorged pursuant to these orders; and Appellant's mischaracterization of the record, its changing positions and unrealistic views of the merits of this Appeal. The Lender Appellees propose the following briefing schedule:

| | |
|---|---|
| Appellant's Opening Brief | July 30, 2021 |
| Appellees' Responsive Briefs | August 30, 2021 |
| Appellant's Reply Brief | September 13, 2021 |

Briefing on the Motion to Stay the Bankruptcy Appeal filed in the present Appeal on June 8, 2021 at D.I. 4 has generated over two hundred pages of documents, over half of which were filed by Appellant.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b),

1. This matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.

2. Since it is uncertain when this Court will determine whether this Appeal should be withdrawn from mandatory mediation, no Recommendation is made

regarding the proposed briefing schedules noted herein.

3. Through this Recommendation, the parties are advised of their right to file objections pursuant to 28 U.S.C. § 636(b)(1)(B), F ED. R. C IV. P. 72(a) and D. D EL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Recommendation.

                                            /s/ Mary Pat Thynge
                                            Chief U.S. Magistrate Judge Mary Pat Thynge